## VICTOR GASOLINE CO. et al. v. WEATHERMAN et al.

No. 23724. Opinion Filed April 18, 1933.

Pierce, Follens & Rucker, and Fred M. Mock, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and Streeter Speakman, for respondents.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made to W. M. Weatherman, on May 6, 1932, as against the Victor Gasoline Company, and its insurance carrier, the Independence Indemnity Company, petitioners herein.

The record discloses that claimant sustained an accidental injury to his side on May 5, 1931, while employed by petitioners. Claimant was carrying a steel drum, or barrel, under one arm down a stairway, and ran the same against a bannister, striking his side with the sharp edge of the barrel with sufficient impact to knock the breath out of him. Claimant reported the injury to Leo J. Rush, his foreman, a week later. Within a month following the injury claimant was placed under the care of the company physician, and an operation performed on claimant's ribs on his left side. On December 19, 1931, claimant filed with the Commission "Employee's First Notice of Injury and Claim for Compensation," and a hearing was had thereon, March 10, 1932, to determine liability and extent of disability. On May 6, 1932, the Commission rendered the award which is made the subject of this proceeding.

Said award recites, in substance, that claimant's injury while in petitioners' employ was such as to come within the Workmen's Compensation Act (St. 1931, sec. 13348 et seq.) ; fixes the average wage of claimant at the time of the injury at $130 per month; and finds that the petitioners had actual notice of the injury and suffered no prejudice for lack of formal written notice thereof. Said award continues in these words:

"(4) That claimant worked at his usual labor from May 5, 1931, to June 5, 1931, at which time a knot appeared on his side and he became temporarily totally disabled from the performance of manual labor: that compensation was paid from June 5, 1931, to November 30, 1931, or a total of 25 weeks and three days at $18 per week, in the sum of $459; that claimant resumed light labor from December 1, 1931, to December 15, 1931, incl., for which he was paid the sum of $40 on which date, December 15, 1931, claimant was again forced to quit work: that compensation was paid from December 16, 1931, to February 1, 1932, incl., or a period of six weeks and one day in the sum of $111, and the Commission finds that claimant was temporarily totally disabled on February 2, 1932, has been since that time and is now unable to perform manual labor and in need of further medical treatment.

"The Commission is of the opinion: That claimant is entitled to 13 weeks and one day compensation at the rate of $18 per week in the sum of $237. computed from February 2, 1932, to May 3, 1932, on account of his temporary total disability. and that compensation should be continued at the rate of $18 per week until further order of the Commission, and to tender claimant further medical treatment. * * *"

The petition to review said award alleges six specifications of error. which are presented in petitioners' brief under two propositions, to wit:

"(1) There is no competent evidence in this record to sustain the finding that this claimant, subsequent to February 2, 1932, was temporarily totally disabled.

"(2) There is no competent evidence tending to prove that the claimant's temporary condition or his physical ailment is due to the alleged accidental injury."

Under the first proposition, supra, petitioners contend that the record contains no competent evidence to sustain a finding that claimant was temporarily totally disabled after February 2, 1932.

We observe the following testimony adduced at the hearing had on March 10, 1932: Claimant testified that he was not able to perform any work at this time, and that he has an open wound which drains three to four ounces every day. Dr. Bisbee, of Bristow, Okla., testified that in his judgment claimant was completely disabled from any manual labor, and that from the history of the case and the age of the patient, he would judge it was permanent. The record contains other and conflicting evidence as to extent of the disability, yet the credibility of the witnesses and weight of the evidence was exclusively with the Industrial Commission, as repeatedly announced by this court and approved in Wilson & Co., Inc., v. Kennedy, 157 Okla. 139, 11 P. (2d) 187:

"A proceeding to review an award of the State Industrial Commission is a proceeding to review errors of law and not of fact. This court will not, in such a case, weigh conflicting evidence, and, if there is any competent evidence tending to support the finding of the Commission, the same is binding and conclusive upon this court."

Under petitioners' second contention, supra, it is contended that the record contains no competent evidence tending to prove that the claimant's temporary condition or his physical ailment is due to the alleged accidental injury. We observe a conflict in the testimony of medical experts on this point, as between Dr. Glass, Dr. Flack, and Dr. Bisbee. We further observe that Dr. Bisbee testified as follows:

"Q. You arrived at your conclusion that this man is suffering from empyema following trauma? A. Yes. Q. Taking into consideration the history given you by this claimant followed by your examination, is it your opinion this man is permanently and totally disabled from doing manual labor, and that his disability arose out of this injury he received on or about May 5, 1931? A. Yes."

Dr. Glass testified that he did not believe the condition was primarily the result of trauma. He added it might have aggravated the condition. Dr. Flack testified that he did not think the injury had anything to do with claimant's condition.

Under the rule applied to the first contention of petitioners, in view of the state of the record on this point, petitioners cannot prevail on their second contention.

The petition to vacate the award is denied, and the award is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. OSBORN and BUSBY, JJ., absent.