Floetta HERNDON, Administratrix of the Estate of Betty Gates, deceased, Plaintiff in Error,

v.

DOLTON–BARNARD HARDWARE COMPANY, a corporation, its successors or assigns, Defendant in Error.

No. 36734.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Frank Seay, Seminole, Claud Briggs, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, Stevenson, Huser & Huser, Holdenville, for defendant in error.

PER CURIAM.

Floetta Herndon, administratrix of the estate of Betty Gates, deceased, filed petition against Dolton-Barnard Hardware Company, a corporation, its successors or assigns, alleging that Betty Gates died as a result of injury sustained while in the employ of the defendant, and brought about through wrongful acts of the defendant.

It is alleged that for said injury the said employee Betty Gates obtained a final award under the Workmen's Compensation Law and that from said injury Betty Gates died; that the estate of Betty Gates, deceased, suffered a pecuniary loss occasioned by the said injury and the resulting death, and consisting of a loss of prospective wages in the period from the date of injury to the date of death, and in the period of life expectancy which extended beyond the date of demise. For such items of loss, the plaintiff prayed judgment against the defendant.

As a second cause of action the plaintiff alleged pain and suffering to Betty Gates as a result of the said injury. The plaintiff prayed judgment for a sum certain for this element of damages.

Demurrer to the petition was sustained and upon announcement of the plaintiff that the petition would not be amended, judgment was entered for the defendant and against the plaintiff on her said petition.

The plaintiff appeals.

Compensation under the Workmen's Compensation Law comprehends pain and suffering and all detriment suffered in lifetime by the injured employee as a result of the compensable injury for which the award is made. Such an award prevents an action for a second and subsequent recovery for such detriment and damage after the death of the injured employee. Victor Gasoline Co. v. Weatherman, 163 Okl. 113, 21 P.2d 35, and cases cited therein.

The right to a recovery for death exists only by statute and as set forth in 12 O.S.1951 § 1053, and in the death benefits provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. Said section 1053 provides that damages recoverable in an action for wrongful death must inure to the exclusive benefit of the surviving spouse, and children, if any, or next of kin of the deceased. The Workmen's Compensation Law authorizes award of death benefits only to dependents, heirs at law, of a deceased employee. See 85 O.S. 1951 §§ 3.1, 22. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134;

972

Herndon v. Dolton-Barnard Hdw. Co., Okl., 264 P.2d 723.

The plaintiff's petition herein does not state the existence of, and a pecuniary loss to, a surviving spouse or children or next of kin of the decedent, and accordingly does not state a right to a recovery for death or a cause of action for death.

Under the state of the plaintiff's petition that there was a final award to the plaintiff's decedent under the Workmen's Compensation Law for the personal injury sustained by the decedent, there remains no right to a further recovery by the plaintiff or another for the detriment suffered by the decedent from said injury. Demurrer to the plaintiff's petition was properly sustained.

The judgment of the trial court is affirmed.