**Mary E. HALE, Plaintiff in Error,**

**v.**

**Enoch HALE, Defendant in Error.**

**No. 41278.**

Supreme Court of Oklahoma.

March 14, 1967.

Rehearing Denied April 11, 1967.

Paul Pugh and Al Pugh, Oklahoma City, for plaintiff in error.

Rhodes, Hieronymus, Holloway & Wilson, by William H. Wilson, Oklahoma City, for defendant in error.

HODGES, Justice.

This is a companion case to Wooden v. Hale, Okl., 426 P.2d 679, which has also been decided today by this court. The parties will be referred to as they appeared in the trial court. The deceased, Kathy Hale, age

four, was the unemancipated natural child of the plaintiff, Mary E. Hale, and the defendant, Enoch Hale. She sustained fatal injuries while riding as a passenger in an automobile driven by her father. The plaintiff alleges in her petition that she is the mother and next of kin of Kathy Hale and that the accident was caused by the ordinary negligence of the defendant Enoch Hale, the father of Kathy Hale. She seeks recovery for the pecuniary loss that she has sustained as a result of the wrongful death of the child and damages in behalf of the estate of the deceased child. The trial court sustained the motion of the defendant for judgment on the pleadings and the plaintiff appeals.

On appeal, the plaintiff asserts that the trial court erred in sustaining the defendant's motion for judgment upon the pleadings in that she is entitled to recover under both 12 O.S.1961, § 1051, the survival statute, and 12 O.S.1961, § 1053, the wrongful death statute.

■■■ Under the survival statute, the common law right of action for personal injury survives the death of the injured person and this right is independent of the provision for statutory recovery contained in the wrongful death statute. Deep Rock Oil Corp. v. Sheridan, 10th Cir., 173 F.2d 186; St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141. An action under the survival statute is for injury to the person of the deceased, and is in behalf of his estate; whereas an action under the wrongful death statute is for the pecuniary loss sustained by the surviving spouse and children (or next of kin) of the deceased and is solely for their benefit. Ibid. However, the plaintiff has failed to establish a basis for recovery under either statute in this case.

Title 12 O.S.1961, § 1051, provides:

"In addition to the causes of action which survive at common law, causes of action * * * for an injury to the person, * * * shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

This court in Tucker v. Tucker, Okl., 395 P.2d 67, held:

"A minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger; * * *."

Tucker v. Tucker was reaffirmed by this court in Hampton v. Clendinning, Judge, Okl., 416 P.2d 617.

■■ It is therefore apparent that had the deceased child, Kathy Hale, lived she could not have prosecuted an action for personal injuries sustained as a result of the ordinary negligence of her father. It follows that since no cause of action accrued to the child while alive, none could survive in favor of the child's estate under 12 O.S. 1961, § 1051.

Title 12 O.S.1961, § 1053 provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. * * *"

The recent case of Hill v. Graham, Judge, Okl., 424 P.2d 35, involved an action by the legal representative of a deceased father against the unemancipated minor child of the deceased to recover for the alleged wrongful death of the father. We denied recovery in that case for the reason that 12 O.S.1961, § 1053, "is limited to actions which could have been maintained by deceased had he lived."

■ As the deceased child in the instant case could not have maintained an action against her father had she lived, an action may not be maintained against her father

for her wrongful death under 12 O.S.1961, § 1053.

The plaintiff urges, however, that a right of action did accrue to the deceased child as a result of the father's negligence but that this right was "interfered with" or suspended while the child was still alive on the ground of public policy to preserve parent-child harmony. The plaintiff then argues that upon the death of the child this policy consideration disappears and with it the need for holding the right to sue any longer in abeyance, citing numerous cases. See, e. g., Brennecke v. Kilpatrick, Mo., 336 S.W.2d 68; Dean v. Smith, 106 N.H. 314, 211 A.2d 410; Palcsey v. Tepper, 71 N.J.Super. 294, 176 A.2d 818; Logan v. Reaves, 209 Tenn. 631, 354 S.W.2d 789. While this argument is not without merit, it was considered, and rejected, by this court in Hill v. Graham, Judge, supra. Therein we stated:

"* * * Although considerations of public policy which support a rule have changed, this cannot provide grounds for creating a right of action by judicial legislation where none existed before."

We continue to adhere to the reasoning expressed in that case.

Next the plaintiff argues that her entitlement to recover the pecuniary loss that she has sustained as a result of the tortious conduct of her husband was recognized by this court in Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660. In the Courtney case we recognized that the common law disability of a married woman to sue her husband for injuries to her person has been removed by statute in this state; however the case in no way enlarged, or even considered, the right to recover damages for the wrongful death of another. We agree that our Legislature has provided that married women shall have the same protection of their rights, including access to the courts, as possessed by men. 32 O.S.1961, § 15; and see 12 O.S.

1961, § 224; Moore v. Moore, 59 Okl. 83, 158 P. 578; Fiedler v. Fiedler, 42 Okl. 124, 140 P. 1022, 52 L.R.A.,N.S., 189. But it is fundamental that any party, including married women, seeking redress for a wrong or enforcement of a right must allege a basis for recovery cognizable at common law or in equity, or provided by statutory or constitutional enactment. See Warren v. Dodrill, 173 Okl. 634, 49 P.2d 137. Injury or damage, such as the plaintiff alleges she sustained by virtue of her daughter's death, is not of itself a cause of action, but only an element thereof. Thomas v. Casford, Okl., 363 P.2d 856, 90 A.L.R.2d 1227.

At common law the death of a human being, although clearly involving pecuniary loss, was not the ground of an action for damages. Missouri, K. & T. Ry. Co. v. Lenahan, 39 Okl. 283, 135 P. 383; Cowan v. Atchison, T. & S. F. Ry. Co., 66 Okl. 273, 168 P. 1015, L.R.A.1918B, 1141; Gochenour v. St. Louis San Francisco Ry. Co., 205 Okl. 594, 239 P.2d 769. The right of action for wrongful death exists solely by virtue of statutory enactment. F. W. Woolworth Co. v. Todd, 204 Okl. 532, 231 P.2d 681; Herndon v. Dolton-Barnard Hardware Co., Okl., 289 P.2d 970 (comparing 12 O.S.1961, § 1053, with death benefit provisions of the Workmen's Compensation Law, 85 O.S.1961, § 22); Shawnee Gas & Elec. Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790. In order to recover for her pecuniary loss in this case, the plaintiff must bring herself within the provisions of the wrongful death statute, 12 O.S.1961, § 1053. This she cannot do for the reason, above discussed, that her child could not "have maintained an action had (she) lived" against her father.

The trial court correctly sustained the motion of the defendant for judgment on the pleadings. Judgment affirmed.

All Judges concur.