Glenna CLARK, as Executrix of the Estate of Maude Shackelford, deceased, and Glenna Clark, Paul Elvis Hartness, Larry Lee Hartness and Billy Wayne Hartness, as next of kin of Maudie B. Shackelford, a deceased minor, Plaintiffs,

v.

Linda Diane JONES, Defendant.

No. 59277.

Supreme Court of Oklahoma.

Feb. 8, 1983.

Don L. Dees, Tulsa, for plaintiffs.

Jack Y. Goree, Whitten, Goree, Davies & Madden, Tulsa, for defendant.

OPALA, Justice:

Certified to us under the Uniform Certification of Questions of Law Act, 20 O.S. 1981 § 1601 et seq., is the following first-impression question:

"Whether damages for loss of love, affection and companionship are recoverable by sisters and brothers of a minor decedent under the law of the State of Oklahoma, Title 12 §§ 1053 and 1055."

We hold that under the provisions of 12 O.S. 1981 §§ 1053 and 1055[1] loss of love, affection and companionship, occasioned by the death of an unemancipated minor, do not constitute elements of damage that may be recovered by a surviving sibling.

Damages for the loss of love, affection and companionship of their deceased sister are sought by the two brothers and a sister of an unemancipated deceased minor. The father of this deceased child had predeceased her and her mother was killed in the same accident.

The argument for the plaintiffs is essentially that brothers and sisters (as collateral kindred of the deceased) may recover for the loss of companionship and love of an unemancipated minor sibling under the Oklahoma wrongful death statute, 12 O.S. 1981 §§ 1053 and 1055.

Wrongful death actions were not cognizable at common law. Any right of the authorized survivors to bring such suit is purely statutory.[2] The elements of damage re-

---

1. Section 1053 has been in force in its present form since 1979 and § 1055 has been in force in its present form since 1975.

2. *F.W. Woolworth Co. v. Todd,* 204 Okl. 532, 231 P.2d 681, 684 [1951]; *Abel v. Tisdale,* Okl., 619 P.2d 608, 610 [1980]; *Thomas v. Cumberland Operating Company,* Okl., 569 P.2d 974, 976 [1977]; *Hale v. Hale,* Okl., 426 P.2d 681, 683 [1967].

coverable by the recognized classes of beneficiaries depend upon the state of the law at the time of death.[3]

The pertinent provisions of the principal statute applicable here, 12 O.S.Supp. 1979 § 1053, are:

" * * * B. The damages recoverable in actions for wrongful death as provided in this section shall include the following:

Medical and burial expenses . . .

The loss of consortium and the *grief of the surviving spouse,* which shall be distributed to the surviving spouse.

The mental pain and anguish suffered by the decedent, which shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as to personal property of the decedent.

The *pecuniary loss* to the survivors . . . which must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, and shall be distributed to them according to their pecuniary loss.

The *grief and loss of companionship of the children and parents* of the decedent, which shall be distributed to them according to their grief and loss of companionship.

* * * D. Where the recovery is to be distributed according to a person's *pecuniary loss or loss of companionship,* the judge shall determine the proper division. * * * " [Emphasis added].

The terms of the other applicable section to be construed, 12 O.S.Supp. 1975 § 1055, are:

"In all actions hereinafter brought to recover damages for the death of an unmarried, unemancipated minor child, the damages recoverable shall include medical and burial expense, loss of anticipated services and support, *loss of companionship and love of the .child, destruction of parent-child relationship* and loss of monies expended by parents or guardian in support, maintenance and education of such minor child, in such amount as, under all circumstances of the case, may be just." [Emphasis added].

Before its 1978 amendment, § 1053 was silent as to the elements of recoverable damages.[4] While it did specify who could bring the action, it provided merely that "damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin." Under the antecedent statutory text—before the addition of § 1055 in 1975—we held that the measure of parents' damages for the death of their unemancipated minor child was limited to "pecuniary loss". This loss was measured by the quantum of support and services deemed to have pecuniary value, which the deceased child was likely to contribute to the parent during and after minority, less, of course, the sums expended or likely to be expended for the child's maintenance and education anterior to his attaining majority.[5]

The enactment of § 1055 marked a significant departure from the purely pecuniary value approach for measuring a parent's legal loss.[6] Since the passage of § 1055 the elements of recoverable damage

---

**3.** *Thomas v. Cumberland Operating Company,* supra note 2 at 976.

**4.** Before its 1978 amendment, § 1053 (12 O.S. 1971 § 1053) provided:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. *The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin;* to be

distributed in the same manner as personal property of the deceased." [Emphasis added].

**5.** *Rogers v. Worthan,* Okl., 465 P.2d 431, 437 [1970]; *Sample v. Campbell,* Okl., 305 P.2d 1033, 1035–1036 [1957]; *Parkhill Trucking Co. v. Hopper,* 208 Okl. 429, 256 P.2d 810, 812 [1953]; *Stanolind Oil & Gas Co. v. Jamison,* 204 Okl. 93, 227 P.2d 404, 410 [1951]; *Fike v. Peters,* 175 Okl. 334, 52 P.2d 700, 704 [1935].

**6.** See discussion of § 1055 in *Hamilton, Wrongful Death of Children in Oklahoma, Statutory Expansion of Recoverable Damages,* 11 Tulsa L.J. 98 [1975].

include not only some of the previously recognized components of pecuniary injury —"loss of anticipated services and support" —but also several new items not previously allowed to be considered in an action for the death of a minor. Among those are the "loss of companionship and love of the child" and "destruction of the parent-child relationship." By expanding the parameters of recoverable loss in a single litigation category—that for the death of unemancipated minor children—the legislature doubtless intended to limit to the surviving parents the ambit of the beneficiary class to be affected by its enactment. Only parents can incur a loss from destruction of the parent-child relationship.[7] When all the elements of recoverable damages which stand recognized by § 1055 are viewed together, it becomes manifest that the recovery thereunder clearly was intended to benefit the class of surviving parents only. Our view that collateral kindred of an unemancipated minor are not included as beneficiaries under § 1055 is consistent with the statutory scheme that was later, in 1979, implemented by further changes made in § 1053.

The 1979 amendment authorized certain categories of recoverable damages for various classes of recognized beneficiaries and provided for an apportionment of recovery among them. Pecuniary loss is explicitly included in that enactment as an item of damage recoverable by the "surviving spouse and children, if any, and next of kin." Brothers and sisters—as next of kin —are, of course, included within this class of beneficiaries. Aside from its reference to the pecuniary loss category, the legislature added "loss of consortium and *grief of surviving spouse*" and "*loss of companionship and grief of the children and parents* of the decedent." Recovery of these, previously non-cognizable, elements of damage is explicitly limited by § 1053 to the *surviving spouse, children and parents of the decedent* according to the losses sustained. Nowhere in the § 1053 damage allocation formula for these new elements is there a mention of collateral kindred or next of kin as persons who may be substituted for deceased spouses, children or parents as beneficiaries of the recovered loss that falls in these categories.

We cannot follow evolving case law from other jurisdictions in which there is a trend toward expanding "pecuniary loss" to include loss of love and companionship and toward allowing recovery of these elements by any member of a decedent's family unit.[8] These out-of-state decisions rest largely on statutory schemes dissimilar to, and quite incompatible with, our present legislative design for the apportionment of loss categories among the authorized survivor-beneficiary classes. *At this stage of our law's development, judicial expansion of the pecuniary loss concept would run afoul of explicit limitations imposed by legislative will in §§ 1053 and 1055.*

Our holding is that, in a wrongful death action, loss of love, affection and companionship of an unemancipated deceased minor may not be considered as an element of legal damage to a decedent's sibling.

All Justices concur.

---

7. We are not called upon to, and do not, answer here the question whether one other than a parent, when standing *in loco parentis* to an unemancipated minor at the time of the latter's death, would have a claim to recover the § 1055 elements of damage for "loss of companionship and love of the child."

8. See: *Excessiveness and Adequacy of Damages for Personal Injuries Resulting in Death of Minor*, 49 A.L.R.3d 934; *Brothers and Sisters of Deceased as Beneficiaries Within State Wrongful Death Statute*, 31 A.L.R.3d 379; *"Sentimental" Losses as Elements of Damages for Wrongful Death*, 74 A.L.R. 11; *Measure and Elements of Damages for Personal Injury Resulting in Death of Infant*, 14 A.L.R.2d 485.