**Carma L. ESTHER, Individually and as Personal Representative of the Estate of Curtis John Esther, Appellant,**

v.

**William J. WIEMER, a/k/a Bill Wiemer, d/b/a Georgetown Club, Clayann, Inc. d/b/a The Georgetown Club, McKinley Properties, Inc., d/b/a The Georgetown Apartment Complex and Club and Modern Music Company, Appellees.**

**No. 80295.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 24, 1993.

Charles C. Yon, Oklahoma City, for appellant.

Chris Harper, B.J. Cooper, Murray E. Abowitz, Michael E. Stewart, Ronald R. Hudson, Oklahoma City, for appellees.

## OPINION

HUNTER, Presiding Judge:

On August 24, 1989, Curtis John Esther, Appellant's decedent and husband, (Decedent) slipped and fell on a steel staircase leading from the Georgetown Club and hit his head on the concrete. He died three days later. For six hours before the accident, Decedent had been at the Georgetown Club drinking beer served by bartender William J. Wiemer, one of the Appellees. Wiemer was the only witness to the accident.

The club is located on the second floor of a two-story building. A double-sided steel staircase leading from the parking lot to the entrance is the only way to get to and from the club. On one side of the staircase, water from an air conditioner dripped onto several of the lower steps.

Decedent and his wife had been to the club on numerous occasions during the year before the accident. They were familiar with the steel staircase and had never before experienced difficulty using the stairs.

On the day of the accident, Decedent's wife had arranged for Wiemer to drive them home because she believed her husband was too intoxicated to drive safely. Shortly before 8:00 p.m. Wiemer was at his car removing supplies to make room for his passengers when Decedent left the club and walked down the side of the staircase with the wet steps. It was still light outside. As Decedent neared the bottom of the steps, he turned around and attempted to start back up the steps. Losing his balance, Decedent fell to the concrete. He was unconscious when Wiemer reached him, and he did not regain consciousness before he died. His blood alcohol content was .41.

Appellant filed this action in the district court individually and as representative of Decedent's estate. She advanced two theories for recovery: (1) as Decedent's widow she was an injured innocent third party entitled to recovery under the "Dram Shop Rule" set forth in *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okl.1986); and (2) defendants breached their duty to warn and exercise ordinary care to protect Decedent from the hazards of the staircase. The district court granted Appellees' motions for summary judgment on both issues.

## STANDARD OF REVIEW

■ We review orders granting summary judgment by examining the pleadings and evidentiary materials to determine what facts are material to the cause of action and to determine whether a substantial controversy exists as to any material fact. *Ross By and Through Ross v. City of Shawnee*, 683 P.2d 535, 536 (Okl.1984). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489, 497 (Okl.1974).

## FINDINGS ON REVIEW

■ An action brought for injury to the person of a deceased is brought on behalf of his estate. An action for wrongful death under 12 O.S. 1991 § 1053 is for the pecuniary loss sustained by the surviving spouse and children and is for the benefit of the estate. *Hale v. Hale*, 426 P.2d 681, 683 (Okl.1967). If no cause of action has accrued prior to the death of the in-

jured party, none is available to the legal representative. *Hale* at 683. An action for wrongful death is also limited to actions which could have been brought by the decedent, had the decedent lived. *Hale* at 683–684. Under Oklahoma law, Appellant's right to maintain the action in the instant case depends on whether her husband could have maintained the action, had he lived.

■■■ *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okl.1986) established a tavern owner's duty to use reasonable care in selling liquor to intoxicated persons who might subsequently injure an innocent third party. *Ohio Casualty Insurance Co. v. Todd*, 813 P.2d 508, 510–511 (Okl.1991) held that a tavern owner's duty does not extend to an adult customer who voluntarily becomes intoxicated and is injured.

In the instant case, the facts, viewed in the light most favorable to Appellant, indicate that Decedent, while intoxicated, slipped on a step wet by water dripping from an air conditioner. *Ohio Casualty* would have precluded Decedent from recovering for his injuries under the Dram Shop Rule. Because Decedent, had he lived, could not have maintained a cause of action against Appellee Wiemer, the district court properly sustained Wiemer's motion for summary judgment on this issue.

■■■ The duty to keep premises reasonably safe for invitees applies only to hidden defects. *Jackson v. Land*, 391 P.2d 904 (Okl.1964). It is undisputed that the water on the staircase was visible to the Decedent. Appellant testified in her deposition that she herself saw the water on the steps as she started down them. Where a defect is "visible and apparent for all to see," there is no obligation to warn. *Jackson* at 906. *See also Buck v. Del City Apartments, Inc.*, 431 P.2d 360 (Okl.1967) (innkeeper had no duty to protect motel guest from obvious danger from icy steps).

In the instant case, Decedent knew that he would have to use the stairway to descend to the parking lot. He had been to the club on more than one occasion, and he knew the stairway was the only means of egress. Moreover, the water on the step was visible to Decedent in the natural light and created an open and obvious danger. Therefore, Appellees had no duty to warn Decedent of the open and obvious condition of the stairs. Nor did Appellees have a duty to protect Decedent from the obvious hazard the wet stairs presented.

We find that no substantial controversy exists as to any material fact and that Appellees are entitled to judgment as a matter of law.

AFFIRMED.

GARRETT and BAILEY, JJ., concur.